337 P.2d 965

Jared LOOSER, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah, State Insurance Fund, and Sports Cars Incorporated, Defendants.

No. 8972.

Supreme Court of Utah.

April 20, 1959.

Owen & Ward, and Roy G. Haslam, Barton, Klemm & Gowans, Salt Lake City, for plaintiff.

E. R. Callister, Jr., Atty. Gen., F. A. Trottier, Salt Lake City, for defendants.

HENRIOD, Justice.

Appeal from the Commission's denial of an award for injuries sustained in an accident while plaintiff was testing a sports car preliminary to a race at La Junta, Colorado. Affirmed, with no costs awarded.

Plaintiff was employed at Salt Lake City, Utah, by defendant, Sports Cars, Inc., as a mechanic. In April and May, 1957, there was considerable discussion among the company's employees with respect to the forthcoming races at La Junta. At any rate, an arrangement was made whereby plaintiff and one Funk, the secretary and salesman for the company, and a sports car race enthusiast, might, as contestants at the races, drive one of the company's cars, the company offering to furnish needed parts to condition the car. Other than that and the fact that the president of the company admitted that entry of one of its cars might result in profitable advertising, the plaintiff put in 50 hours of his own work on the car without compensation, and he and Funk paid the expenses of their junket to La Junta, including gas and oil to travel, their own meals and lodging and the entrance fees. In a preliminary test run plaintiff was injured. While plaintiff was away from his job attending the races, he was paid no wages. There is some evidence that a third party, Brophy, had contacted plaintiff to get him to make tune-up repairs for compensation at La Junta.

Plaintiff urges that 1) The Workmen's Compensation Act should be construed liberally in favor of an award, with which proposition we agree;[1] 2) that an award should be made if a) the injury arose out of plaintiff's employment, *or* b) in the course of his employment, and we agree again;[2] 3) that the Commission should have considered two so-called "Supplements" filed by plaintiff after the time for filing his petition for rehearing under the statute had expired, such contention having been met when the Commission did consider them along with the rehearing petition, as is disclosed by the record; 4) that the Commission should not have denied the petition for rehearing while a motion for permission to answer defendants' Memorandum of Authorities was pending, which motion we deem abortive and ineffectual, there being no authority for plaintiff's contention in this regard either legislatively or decisionally; 5) that the Commission did not enter Findings of Fact and Conclusions of Law as required by statute,[3] which we will discuss hereinafter; that 6) the injury a) arose out of the employment and/or b) that it occurred in the course of plaintiff's employment, which assertion we will discuss hereinafter also.

As to 5) supra, it is obvious from the record that although the Commission did not denominate its recitation of facts as "Findings of Fact," the facts were recited in its Order as extensively as they would have been set forth under a separate caption. Findings of Fact, however denominated, and although not as articulate as to nature and form as we might choose to have them, are not doomed for those reasons only, if substantial compliance with the letter and spirit of the statute has been effectuated, as we think they have here, where, but for an appellation the findings in the order would have sufficed.

As to 6), it would appear that the facts of this case fail to disclose any characteristic of that sort of control which this court has required to create and maintain the master-servant relationship, and certainly the facts of this case are less convincing in establishing such relationship than are those of Auerbach Co. v. Industrial Commission, 1948, 113 Utah 347, 195 P.2d 245, where we *reversed* an award of the Commission in a case where an employee (cashier), of Auerbach's, paid only as such, also was a member of a girls basketball team sponsored and supported by the company, and was injured while travelling to a game after working hours. No useful purpose would be served in quoting from the main and concurring opinions and the authorities found therein, expressing the views and stating the conclusions of this court with respect to the relationship mentioned. There seems to be no escape from an affirmance of the Commission's order, although plaintiff in this case was very seriously injured and our natural sympathy most cer-

1. M & K Corp. v. Industrial Comm., 1948, 112 Utah 488, 189 P.2d 132 and cases cited therein under footnote 1 thereof.
2. Ibid.
3. Title 35-1-85, Utah Code Annotated 1953.

tainly goes out to him, albeit the legislation and authorities unfortunately do not do so here.

CROCKETT, C. J., and WADE and McDONOUGH, JJ., concur.

WORTHEN, J., heard the argument but died before the opinion was filed.